IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **CANDYCE LEIGH ASTROTH,** | * |
| **Plaintiff,** | * |
| v. | * |
| **RIVIAN, LLC,** | * **Civil Action No.:** |
| **Defendant.** | * |
| <u>Please Serve:</u> **CT Corporation System, Registered Agent 4701 Cox Road, Suite 285 Glen Allen, VA 23060-6808** | * |

## **COMPLAINT**

Now into Court, through undersigned counsel, comes the Plaintiff, Candyce Leigh Astroth and moves the Court for judgment against Defendant Rivian, LLC on the basis of the following facts and law:

## **JURISDICTION**

1. This Honorable Court has Federal Question Jurisdiction of this civil action pursuant to 28 U.S. Code § 1331. The Plaintiff asserts a claim pursuant to the Magnuson-Moss Warranty Act, 15 U.S. Code §§ 2301-2312. The amount in controversy exceeds $50,000.00.

2. This Honorable Court has Diversity Jurisdiction of this civil action pursuant to 28 U.S. Code § 1332, Plaintiff is a citizen of Fairfax, VA, and Defendant Rivian, LLC is a corporation organized under the laws of Michigan with a principal place of 0business at Plymouth, Michigan. The amount in controversy exceeds $75,000.00.

## **VENUE**

3. Venue in this Honorable Court is proper pursuant to 28 U.S. Code § 1391 as this Judicial District is where a substantial part of the events and/or omissions giving rise to the claim occurred. Venue in the Alexandria Division is proper pursuant to Local Civil Rule 3 because this is where a substantial part of the events and/or omissions giving rise to the claims occurred.

## **FACTS**

4. On March 1, 2024, Plaintiff purchased online a 2024 R1S Rivian, VIN: 7PDSGBBAXRN040486, for $97,836.64 from Rivian Dealership in Normal, Illinois. Rivian Dealership in Normal, Illinois is an authorized dealer of Defendant Rivian, LLC for sales and warranty service repair. This vehicle is powered totally by electric battery. At the time of purchase, the subject vehicle had an odometer reading of 100.

5. The subject vehicle was manufactured and/or distributed by the Defendant, Rivian, LLC.

6. The subject vehicle came with a 5-year/60,000-mile comprehensive warranty and an 8-year/175,000-mile battery pack and drivetrain system warranty.

7. On July 22, 2024, Plaintiff took the Subject Vehicle to the Rivian dealership in Gaithersburg, Maryland for warranty defects. Plaintiff reported the liftgate did not open upon command which was first noticed March 30, 2024. Plaintiff also reported the driver's side air conditioner was not cold. Repair attempts were made.

8. On August 2, 2024, Plaintiff returned the Subject Vehicle to the Rivian dealership in Gaithersburg, Maryland for warranty defects. Plaintiff reported that the Subject Vehicle was pulling to the right, the paint on the driver door handle's paint was

chipped, the USB outlets in the center console were not working, the navigation bar was showing but it was not hearing voice commands and the air conditioner was not blowing cold air. Repair attempts were made. Vehicle was out of service due to warranty repair attempts for 12 days.

9. On August 16, 2024, Plaintiff returned the Subject Vehicle to the Rivian dealership in Gaithersburg, Maryland for warranty defects. Plaintiff reported once again the air conditioning was not blowing cold. The vehicle was out of service due to warranty repair attempts for 22 days.

10. On October 10, 2024, Plaintiff returned the Subject Vehicle to the Rivian dealership in Gaithersburg, Maryland for warranty defects. Plaintiff reported that the vehicle was pulling to the right at all speeds, the leather on the center console was bubbling, the back hatch did not open properly when she pressed the button, the steering wheel was not centered and the vehicle began shaking at speeds of 45 mph or more and the bottom pan cover was missing. Repair attempts were made. The vehicle was out of service due to warranty repair attempts for 9 days.

11. As of this filing, Plaintiff is waiting for an appointment with the Rivian dealership in Gaithersburg, Maryland to address the electrical port door not opening when needed. This makes it very difficult, and sometimes impossible, to charge the battery. In addition, the wireless phone charging pad is defective and Plaintiff was informed there is no fix at this time.

12. Despite multiple repair attempts spanning significant periods, the Plaintiff continues to experience unresolved warranty defects with the vehicle, resulting in a cumulative total of 44 days out of service to date. This prolonged period of non-

conformance has caused significant inconvenience and has not been resolved satisfactorily under the warranty terms

## COUNT ONE

## VIOLATION OF THE MOTOR VEHICLE WARRANTY ENFORCEMENT ACT VIRGINIA CODE § 59.1-207.11 ET SEQ. "*LEMON LAW*"

13. The facts alleged in Paragraphs 1-12 are re-pled and incorporated herein by reference.

14. Plaintiff is a consumer as defined by the Virginia Motor Vehicle Warranty Enforcement Act (hereafter referred to as the *"Virginia Lemon Law")* Virginia Code § 59.1- 207.11 et seq. Defendant Rivian, LLC is a manufacturer as defined by Virginia Code § 59.1-207.11 et seq, and received due notice under the same statute.

15. Specifically, Virginia Code § 59.1-207.13(B)(1) provides that "*It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… the same nonconformity has been subject to repair three or more times by the manufacturer, its agents or its authorized dealers and the same nonconformity continues to exist.*" The Plaintiffs' vehicle has been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety. The Plaintiff's vehicle has a defective air conditioning system that has been the subject of repair three or more times and the defect still exists. This significantly impairs the use, market value and safety of the Subject Vehicle.

16. Virginia Code § 59.1-207.13(B)(2) states that if the nonconformity or defect is a serious safety defect and has been subject to repair one or more times and the same nonconformity continues to exist it is presumed the vehicle has been subject to repair

a reasonable number of times and the motor vehicle is significantly impaired and unfit, unreliable, and unsafe for ordinary use or reasonable intended purposes.

17. Defendant has been unable to repair Plaintiff's vehicle after a reasonable number of repair attempts. Specifically, Virginia Code § 59.1-207.13(B)(3) provides that "*It shall be presumed that a reasonable number of attempts have been undertaken to conform a motor vehicle to any warranty and that the motor vehicle is significantly impaired if during the period of eighteen months following the date of original delivery of the motor vehicle to the consumer… the motor vehicle is out of service due to repair for a cumulative total of thirty calendar days.*" The Plaintiff's vehicle has been out of service more than 30 days and is therefore presumed to have been subject to repair a reasonable number of attempts and is significantly impaired in its use, market value, and safety.

18. Plaintiff seeks to recover as damages for the total delivered price of $97,836.64, all collateral charges, finance charges, incidental damages, monetary consequential damages, rescission of the contract, compensation in the amount of $20,000 for inconvenience and loss of use, reasonable attorney's fees at a rate of $750.00 per hour or one-third of whatever is recovered, whichever is greater, and all other relief law and equity may provide. See, Virginia Code § 59.1-207.14

## COUNT TWO

## MAGNUSON-MOSS WARRANTY ACT

19. The facts alleged in Paragraphs 1-12 are incorporated herein by reference.

20. Plaintiff is a consumer as defined in U.S. Code § 2301(3). Defendant is a supplier and warrantor as defined in 15 U.S. Code § 2301(1).

21. The Vehicle was manufactured after July 4, 1975, and an express Limited Warranty and an implied Warranty of Merchantability were given to the Plaintiff as a part of the purchase as those warranties met the definition of written warranty and implied warranty as contained in 15 U.S. Code § 2301(6)-(7), respectively.

22. The Limited Warranty has failed its essential purpose, and the Defendant has violated the Act due to its inability to repair or replace the nonconformities within a reasonable time and has refused to provide the Plaintiff with a refund as required in 15 U.S. Code § 2304(a)(1) and (4).

23. Defendant has also breached its implied Warranty of Merchantability since the vehicle, in view of the nonconformity that exists and the Defendant's inability to correct them, is not fit for its ordinary purpose for which the vehicle is being used. 28 U.S. Code § 2308, 2310(d).

WHEREFORE, Plaintiffs Candyce Leigh Astroth moves the Court for judgment against Defendant Rivian, LLC in the amount of the purchase price of the subject vehicle $97,836.64, as well as all incidental costs, compensation in the amount of $20,000.00 for inconvenience and loss of use, interest payments, reasonable attorney fees in the amount of $750.00 per hour, or one-third of the amount recovered, whichever of the two is greater, expert witness fees, pre-judgment interest running from the date of the first repair attempt, post-judgment interest, court costs, and all other damages, equity and/or law may seem meet.

**TRIAL BY JURY IS DEMANDED.**

Respectfully Submitted,

**CANDYCE LEIGH ASTROTH,**

By: <u>/s/ James B. Feinman, Esq.</u>
Of Counsel

James B. Feinman, Esq., (VSB # 28125)
James B. Feinman & Associates
P.O. Box 697
Lynchburg, VA 24505
(434) 846-7603 - phone
(434) 846-0158 - fax
jb@jfeinman.com
*Counsel for Plaintiff*